1   **WO**                                                                  SC

2

3

4

5

6                  **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9

Camille Anjanette Snowden,           )    No. CV 07-1992-PHX-SMM (HCE)
10                                     )
                 Plaintiff,            )    **ORDER**
11                                     )
vs.                                    )
12                                     )
Linda Rankin, et al.,                  )
13                                     )
                 Defendants.           )
14  _____  )

15          On October 15, 2007, Plaintiff Camille Anjanette Snowden, then confined in Estrella

16  Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983

17  with an Application to Proceed *In Forma Pauperis*.  (Doc.# 1.)[1]  Plaintiff also filed an

18  Amended Complaint.  (Doc.# 3.)  The same day, a Notice of Assignment was issued to

19  Plaintiff and sent to her address of record.  (Doc.# 2.)  On October 25, 2007, a copy of the

20  Notice of Assignment mailed to Plaintiff was returned indicating that Plaintiff had been

21  released.  (Doc.# 4.)  On November 28, 2007, Plaintiff filed a letter in which she indicated

22  that she has been released and supplied two different alternative out-of-state addresses for

23  mail from the Court to be sent to her.[2]  (Doc.# 5.)  Plaintiff's letter motion will be granted to

24  _____

25          [1] "Doc.#" refers to the docket number of documents filed in this action.

26          [2] Although unclear, Plaintiff also appears to seek the status of this case, including
27  whether the Defendants have been served so that she can comply with Maricopa County
    Inmate Legal Services requirements before again seeking leave to amend.  Defendants have
28  not been served and service will not be ordered unless Plaintiff is granted leave to proceed
    *in forma pauperis* and the Court concludes that she *has* stated a claim for relief in her

**JDDL**

the extent that the status of this action is set forth herein and will otherwise be denied.  The Court will give Plaintiff 30 days to pay the filing fee or to show good cause why she is unable to pay the filing fee and to file a proper notice of change of address.

## I.   Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  A prisoner who has been released must pay any unpaid balance of the filing fee within 120 days of his release unless she shows good cause why she cannot.  In any event, a former inmate must, within 30 days of her release, either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot.  Failure to comply may result in dismissal.

Because Plaintiff was an inmate when she commenced this action, she is liable for the filing fee.  Further, because Plaintiff has been released and she has not paid the $350.00 filing fee, she must notify the Court within 30 days from the filing date of this Order whether she intends to pay the filing fee or to show good cause in writing why she cannot.  Plaintiff may show cause by submitting an affidavit, signed under penalty of perjury, demonstrating why she is presently unable to pay the balance of the filing fee.  See 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement).  An application to proceed *in forma pauperis* is attached, which may assist Plaintiff in the preparation of such an affidavit.  Failure to comply with this Order may result in the dismissal of this action.

## II.   Motion Regarding Status

As noted above, Plaintiff filed a letter in which she appears to seek the status of this action in order to comply with requirements of Maricopa County Inmate Legal Services (ILS) before it will authorize copying and filing of a motion to amend.  Plaintiff's motion will be granted to the extent that she inquires about the status of this action and otherwise denied.

---

Complaint.

1    As noted above, Defendants have not been served with the Complaint or the Amended

2    Complaint in this action.  See n.2, supra.  If Plaintiff pays the filing fee or is granted leave

3    to proceed *in forma pauperis* without prepayment of the filing fee in full, despite her release,

4    the Court will screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915 to

5    determine whether she has stated one or more claims for violation of her constitutional rights

6    against one or more Defendants.  Only then will service on the Defendants be ordered.

7    Plaintiff inquires about the status of this action in part to satisfy requirements of ILS.

8    Such requirements apply to persons incarcerated in the Maricopa County Jail system.

9    Because Plaintiff has been released, she may copy and file motions on her own behalf.

10   Plaintiff is informed, however, that under Rule 15 of the Federal Rules of Civil Procedure,

11   a party may only amend a pleading once without leave of Court.  Thereafter, a party must file

12   a motion requesting leave to file an amended pleading with a copy of the proposed amended

13   pleading.  In the proposed amended pleading, the party *must* retype or rewrite every claim

14   on the court-approved form and may not incorporate by reference any portion of a previous

15   pleading.  If leave to amend is granted, the amended pleading supersedes the prior version

16   of the pleading, Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios

17   v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990), and the prior version of the

18   pleading will be treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Further, any cause of

19   action that was raised in the prior version of the pleading that is not realleged in the amended

20   version is waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

21   Plaintiff has already amended her complaint once by filing an Amended Complaint.

22   Plaintiff must, therefore, obtain leave of Court before she may file a second amended

23   complaint.  That is, Plaintiff must file a motion for leave to file a second amended complaint

24   and submit a proposed second amended complaint on the court-approved form.

25   Lastly, Plaintiff has requested that court mailings be sent to her at two different out-of-

26   state addresses, one in Connecticut and one in Georgia.  For purposes of this Order, the Clerk

27   will forward a copy of this Order to the two addresses provided by Plaintiff.  However,

28

1   Plaintiff must thereafter file a notice of change of address providing her current address of
2   record without including a motion or other request for relief.

3   **III.   Warnings**

4         **A.   Address Changes**

5         Plaintiff must file and serve a notice of a change of address 10 days before the move
6   is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Plaintiff must not include a motion for other
7   relief with a notice of change of address.  Failure to comply may result in dismissal.

8         **B.   Copies**

9         Plaintiff must submit an additional copy of every document that she files for use by
10  the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without
11  further notice to Plaintiff.

12        **C.   Possible Dismissal**

13        Plaintiff is warned that failure to timely comply with every provision of this Order,
14  including these warnings, may result in dismissal of this action without further notice.  <u>See</u>
15  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an
16  action for failure to comply with any order of the Court).

17  Accordingly,

18  **IT IS HEREBY ORDERED:**

19        (1)   Plaintiff's Application to Proceed *In Forma Pauperis* filed with the Complaint
20  is **DENIED WITHOUT PREJUDICE**.  (Doc.# 1.)

21        (2)   Within 30 days from the filing date of this Order, Plaintiff must either pay the
22  $350.00 filing fee **or** show good cause why she is unable to pay the filing fee.

23        (3)   If Plaintiff fails, within 30 days from the filing date of this Order, either to pay
24  the $350.00 filing fee or to show good cause why she is unable to pay the filing fee, the Clerk
25  of Court must enter a judgment of dismissal of this action without prejudice and without
26  further notice.

27

28

1    (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing an

2 Application to Proceed *In Forma Pauperis* (Non-Habeas) as a guideline in the event that

3 Plaintiff seeks to show good cause why she is unable to pay the filing fee.

4    (5)    Plaintiff's letter motion requesting the status of this action is **GRANTED** to

5 the extent that the status is set forth herein and is otherwise **DENIED**.  (Doc.# 5)

6    (6)    The Clerk's Office must forward a copy of this Order to Plaintiff at the

7 following addresses:

8    Camille Snowden
     3007 Marbury Ct.
9    Fairfield, CT 94533
     and
10   Camille Snowden
     P.O. Box 79378
11   Atlanta, GA 30357

12    (7)    Plaintiff must file a notice of change of address providing her current address

13 within 30 days of the filing date of this Order.  Failure to do so may result in dismissal of this

14 action for failure to comply with Court orders.

15    DATED this 26th day of December, 2007.

16

17

18

19                                    _____
                                      Stephen M. McNamee
20                                    United States District Judge

21

22

23

24

25

26

27

28

JDDL                                    - 5 -

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action.  If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee.  However, the court will assess an initial partial filing fee.  The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.  The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00.  The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.  If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.  If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, ) CASE NO. _____ | |
| Plaintiff, ) | |
| ) | |
| vs. ) | APPLICATION TO PROCEED |
| ) | *IN FORMA PAUPERIS* |
| _____, ) | BY A PRISONER |
| Defendant(s). ) | CIVIL (NON-HABEAS) |
| ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
    ☐Yes   ☐No    If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?    ☐Yes   ☐No    If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?    ☐Yes        ☐No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?   ☐Yes        ☐No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

Revised 4/9/06                                    1

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where
    you are confined?                                                                 ☐Yes          ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____

    _____

    _____


    I declare under penalty of perjury that the above information is true and correct.


_____              _____
        DATE                                           SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    I, _____, hereby consent to having the designated correctional officials at this
institution release to the Court my trust account information.  I further consent to having the designated
correctional officials at this institution withdraw from my trust account the funds required to comply with the
order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
    My consent includes withdrawal from my account by correctional officials of partial initial payments to this
Court equal to 20% of the greater of:
        (A)  the average monthly deposits to my account for the six-month period preceding my filing of this
        action, or
        (B)  the average monthly balance in my account for the six-month period preceding my filing of this
        action.
    My consent also includes monthly withdrawals from my account by correctional officials of an amount equal
to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will
withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I
am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.


_____              _____
        DATE                                           SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)
The applicant's trust account balance at this institution is:              $_____
The applicant's average monthly deposits during the prior six months is:   $_____
The applicant's average monthly balance during the prior six months is:    $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION