**WO**                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Camille Anjanette Snowden,                )   No. CV 07-1992-PHX-SMM (HCE)
                                          )
      Plaintiff,                           )   **ORDER**
                                          )
vs.                                       )
                                          )
Linda Rankin, et al.,                     )
                                          )
      Defendants.                          )
_____   )

     On October 15, 2007, Plaintiff Camille Anjanette Snowden, who was confined in Estrella Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and an Amended Complaint. (Doc.# 1, 3.)[1] The same day, a Notice of Assignment was issued to Plaintiff and sent to her address of record. (Doc.# 2.) On October 25, 2007, a copy of the Notice of Assignment mailed to Plaintiff was returned to the Court indicating that Plaintiff had been released. (Doc.# 4.) Further, on November 28, 2007, Plaintiff filed a letter in which she indicated that she had been released by providing two alternative out-of-state addresses for mail from the Court to be sent to her. (Doc.# 5.) On December 27, 2007, the Court gave Plaintiff 30 days within which to pay the $350.00 filing fee or to show cause why she was unable to pay the filing fee. (Doc.# 7.) On January 3, 2008, Plaintiff filed another Application to Proceed *In Forma Pauperis* wherein which she clarifies that she remains in custody. The Court will grant

_____

[1] "Doc.#" refers to the docket number of documents filed in this action.

JDDL-K

Plaintiff leave to proceed without prepayment in full of the $350.00 filing fee and order that the docket be updated to reflect her current Jail address.  The Court will dismiss the Complaint with leave to amend.

## I.     Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $7.17.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

*///*

### III.    Complaint

Plaintiff alleges three counts in her First Amended Complaint. (Doc.# 3.)  She sues Maricopa County Public Defender (MCPD) Supervisor Shelley Davis; MCPD Administrator Marie Farney; MCPD attorney Paul Prato; Todd Lawson, an Assistant Arizona Attorney General; Maricopa Correctional Health Service nurse Linda Rankin; Maricopa County Sheriff's Office Sergeant Kenny Moore; Maricopa County Hearing Officer Jon King; and Maricopa County Sheriff's Office Detention Officer Kathy Mitchell.   Plaintiff seeks injunctive and compensatory relief.

### IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law and (2) the conduct deprived her of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

#### A.    Moore, Mitchell, and Lawson

Plaintiff filed claims against Sergeant Moore, Officer Mitchell, and Arizona Assistant Attorney General Lawson.  She fails, however, to allege any facts connecting any of these Defendants to any alleged violation of her federal constitutional or statutory rights.  For that reason, she fails to state a claim against any of them.  Further, to the extent that Plaintiff files an amended complaint including claim(s) against Lawson, she is informed that a plaintiff cannot maintain a suit against an individual prosecutor under § 1983 for conduct that is "intimately associated" with the judicial phase of the criminal process because prosecutors are entitled to absolute immunity from suit in such circumstances. Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976); accord Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005).

JDDL-K

- 3 -

1

### B.   Davis, Farney, and Prato

Plaintiff names Davis, Farney, and Prato as Defendants and seeks relief pursuant to § 1983 in connection with their representation of her in state criminal proceedings, which Plaintiff alleges violated her *state* constitutional rights.   Plaintiff's claims against these Defendants fail for at least two reasons.   First, Plaintiff fails to allege any violation of her *federal* constitutional or statutory rights.   Second, even if Plaintiff had alleged a *federal* constitutional or statutory violation against these Defendants, the actions of defense counsel are not taken under color of state law.   To state a § 1983 claim, a plaintiff must allege that a "defendant's actions were taken under color of state law."   Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'"   Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)).   "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"   Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Whether an attorney representing a criminal defendant is privately retained, a public defender or court-appointed counsel, the attorney does not act under color of state law.[2]   See Polk County, 454 U.S. at 317-18; Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).   For these reasons, Plaintiff fails to state a claim against these Defendants and they will be dismissed.

### C.   Medical Care

In Count II, Plaintiff alleges a denial of medical care against Nurse Rankin.   To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts to

---

[2]   To the extent that this claim is predicated on these Defendants' position as supervisors or administrators, Plaintiff also fails to state a claim.   Liability under § 1983 may not be predicated upon *respondeat superior*.   Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

JDDL-K

support that she has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment standard for convicted inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (Fourteenth Amendment standard for pretrial detainees).  To allege a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).  Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'"  Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394).  Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed her.  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that Nurse Rankin "documented" that Plaintiff had a urine test that showed no "medical problems and charted false information" in Plaintiff's medical chart.  Thus, Plaintiff seems to contend that Rankin falsified her medical records so that medical requests would be denied.  She alleges that she was injured when a emergency medical request on October 11, 2007 was not answered.  Plaintiff fails to allege facts to support that she had a serious medical need or how Rankin acted with deliberate indifference to that need.  For these reasons, Plaintiff fails to state a claim against Nurse Rankin for deliberate indifference to her serious medical needs.

**D.  Hearing Officer King**

In Count III, Plaintiff alleges that Hearing Officer King "continued to hear and give

1   disciplinary proceedings that lead to closed custody classification" and that she has been

2   placed in "disciplinary segregation" for almost 90 days.  (Doc.# 3 at 5.)  Pretrial detainees

3   have a substantive due process right against restrictions that amount to punishment for

4   criminal offenses.  Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United

5   States v. Salerno, 481 U.S. 739, 746 (1987); Bell v. Wolfish, 441 U.S. 520, 535 (1979);

6   Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991) (en banc)).  This

7   right is violated if restrictions are "imposed for the purpose of punishment."  Bell, 441 U.S.

8   at 535.  There is no constitutional infringement, however, if restrictions are "but an incident

9   of some other legitimate government purpose."  Id.  In such a circumstance, governmental

10  restrictions are permissible.  Salerno, 481 U.S. at 747.

11      Plaintiff fails to allege facts to support that her confinement in disciplinary segregation

12  is without some legitimate government purpose other than as punishment for the offenses

13  with which she has been charged.  She merely alleges that King was a hearing officer for

14  disciplinary infractions.  Such  does not state a claim for violation of Plaintiff's due process

15  rights.

16  **V.      Leave to Amend**

17      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

18  failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

19  submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of

20  Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

21  If Plaintiff fails to use the court-approved form, the Court may strike the second amended

22  complaint and dismiss this action without further notice to Plaintiff.

23      Plaintiff must clearly designate on the face of the document that it is the "Second

24  Amended Complaint."  The second amended complaint must be retyped or rewritten in its

25  entirety on the court-approved form and may not incorporate any part of the original or First

26  Amended Complaints by reference.  Plaintiff may include only one claim per count.

27      A second amended complaint supersedes the original and first amended complaints.

JDDL-K

28                                            - 6 -

1   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard

2   Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat

3   the prior complaints as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was

4   raised in a previous complaint is waived if it is not raised in a second amended complaint.

5   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

6   **VI.    Warnings**

7          **A.    Release**

8          Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release.

9   Also, within 30 days of her release, she must either (1) notify the Court that she intends to

10  pay the balance or (2) show good cause, in writing, why she cannot.  Failure to comply may

11  result in dismissal of this action.

12         **B.    Address Changes**

13         Plaintiff must file and serve a notice of a change of address in accordance with Rule

14  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

15  relief with a notice of change of address.  Failure to comply may result in dismissal of this

16  action.

17         **C.    Copies**

18         Plaintiff must submit an additional copy of every filing for use by the Court.  See

19  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

20  to Plaintiff.

21         **D.    Possible "Strike"**

22         Because the First Amended Complaint has been dismissed for failure to state a claim,

23  if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in

24  this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C.

25  § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

26  a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

27  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

1   in a court of the United States that was dismissed on the grounds that it is frivolous,

2   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

3   under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

4           **E.      Possible Dismissal**

5           If Plaintiff fails to timely comply with every provision of this Order, including these

6   warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

7   1260-61 (a district court may dismiss an action for failure to comply with any order of the

8   Court).

9   **IT IS ORDERED:**

10  (1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**.  (Doc. # 8.)

11  (2)      As required by the accompanying Order to the appropriate government agency,

12  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.17.

13  (3)      The First Amended Complaint (doc.# 3) is **DISMISSED** for failure to state a claim.

14  Plaintiff has 30 days from the date this Order is filed to file a second amended complaint in

15  compliance with this Order.

16  (4)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court

17  must, without further notice, enter a judgment of dismissal of this action with prejudice that

18  states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

19  (5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights

20  complaint by a prisoner.

21  (6)      The Clerk's Office must forward a copy of this Order to Plaintiff at the following

22  address:

23          Camille Snowden, P307023
            Estrella Jail
24          2939 W. Durango
            Phoenix, AZ  85009
25
            DATED this 20th day of February, 2008.
26

27

28          _____
                    Stephen M. McNamee
                 United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona 85003-2119                   Tucson, Arizona 85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

  1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

  2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

  3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

  1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

  2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

  3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

  You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

  You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)                          )
             Plaintiff,              )
                                )
        vs.                         )   **CASE NO.** _____
                                )          (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)                       )
(2)_____ ,  )
                                )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )   **BY A PRISONER**
                                )
(4)_____ ,  )   ☐ Original Complaint
         Defendant(s).            )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes  ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes  ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
       _____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                                      ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?           ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                          DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.