**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Camille Anjanette Snowden, | No. CV 07-1992-PHX-SMM (HCE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Linda Rankin, et al., | |
| Defendants. | |

On October 15, 2007, Plaintiff Camille Anjanette Snowden, who is confined in Estrella Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which was superseded by her First Amended Complaint filed the same day. (Doc.# 1, 3.)[1] The Court dismissed the First Amended Complaint, outlining its deficiencies, with leave to file a second amended complaint in which Plaintiff attempted cured the cited deficiencies. (Doc.# 10.) Plaintiff has filed a Second Amended Complaint. (Doc.# 12.) She has also filed a motion concerning the status of fee payments from her inmate trust account, a letter, and a motion for summary judgment. (Doc.# 13, 14, 15.) Because Plaintiff has failed to cure cited deficiencies and otherwise fails to state a claim, the Second Amended Complaint and this action will be dismissed and Plaintiff's motions denied.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Leave to amend, however, need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. Plaintiff's Second Amended Complaint fails to cure cited deficiencies and otherwise fails to state a claim.

**II.    Second Amended Complaint**

Plaintiff alleges three counts in her Second Amended Complaint albeit against different Defendants and raising different issues than in her First Amended Complaint. (Doc.# 12.) She sues Dr. Jack Potts, a psychiatrist who evaluated Plaintiff's competence; Jake Lamorre, a shift lieutenant for the Maricopa County Sheriff's Office; and Erin Cohen, a Restoration to Competency Program Court Liaison. Plaintiff seeks injunctive and compensatory relief.

**III.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law and (2) the conduct deprived her of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must

1 allege an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v.</u>
2 <u>Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

### A.     Count I

In Count I, Plaintiff asserts that Dr. Potts has violated her Fourteenth Amendment right of access to the courts based on the following facts: The Superior Court appointed Dr. Potts, a psychiatrist, to evaluate Plaintiff in December, 2007, apparently after another physician was unable to reach a conclusion. Dr. Potts evaluated Plaintiff on January 25, 2008 and "reflected back" to his evaluation of Plaintiff in 2001, in which he found her to be anorexic and to have a compulsive disorder, which resulted in Plaintiff being administered psychiatric medication pursuant to court order. (Doc.# 12 at 3.) Thereafter, Plaintiff informed Dr. Potts that she had not in fact been found anorexic or compulsive, but instead had a health condition that prevented her from eating certain foods. She further informed Dr. Potts that she had a written doctor's order from 2000, which recommended that she see a nutritionist. In addition, she informed Dr. Potts that she had received two ultrasounds at the jail, which confirmed that she had a fibroid. She informed him that she considered treatment of the fibroid more important than "prescribed psych meds." (<u>Id.</u>) Dr. Potts informed Plaintiff that he would contact correctional health staff and provide that information in his report. Dr. Potts provided his report to the court on January 29, 2008, which Plaintiff contends reflects "another doctors inability to opine" at a prior competency hearing in December, 2007. She contends that "the" order of psychiatric treatment has stopped medical treatment of the fibroid resulting in injury to her "reproductive organ" and causing chronic symptoms and preventing surgery.

The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or to file legal documents. <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to court and not to discover or even effectively litigate claims once filed with a court. <u>Id.</u> at 354; <u>see</u> <u>Cornett v. Donovan</u>, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a

1 person in state custody will reach a court for consideration.")  The right "guarantees no
2 particular methodology but rather, the conferral of a capability--the capability of bringing
3 contemplated challenges to sentences or conditions of confinement before the courts."
4 Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library
5 is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at
6 351-53.  That is, an inmate must establish that she suffered an "actual injury" when she
7 alleges that she was denied access to the courts.  See Vandelft v. Moses, 31 F.3d 794, 797
8 (9th Cir. 1994).  An "actual injury" is "actual prejudice with respect to contemplated or
9 existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis,
10 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that a defendant's
11 conduct prevented her from bringing to court a nonfrivolous claim that she wished to present.
12 Id. at 351-53.

13 Plaintiff fails to allege any facts to support that she has been denied access to the
14 courts in connection with any pending or contemplated litigation.  She also fails to allege
15 facts to support that she was actually injured as a result of any alleged denial of access to the
16 courts; she was clearly able to file her complaints and motions in this action.  For these
17 reasons, Plaintiff fails to state a claim for denial of access to the courts in Count I.

18 **B.     Count II**

19 In Count II, Plaintiff alleges she has been denied due process in connection with
20 disciplinary proceedings based on the following facts: On October 3, 2007, Plaintiff asked
21 the facility commander to address "write-ups for refusing to squat and cough" and blocking
22 the use of the telephone. (Doc.# 12 at 4.)  Defendant Lamorre told Plaintiff that she had
23 appealed all sanctions and that if she continued to appeal, she would be reclassified.  In
24 October, Plaintiff was reclassified to close custody, put in segregation, and unidentified
25 restrictions were imposed.  Between August 29, 2007 and February 23, 2008, Plaintiff has
26 filed numerous appeals contending that "the disciplinary proceedings could be addressed by
27 medical since [her] refusals were due to medical reasons for refusing to squat and cough and
28 [her] complaints regarding phone calls could be resolved through special situation calls."

1  (Id.) She alleges that she was not given all of her "special situation calls, and when medical
2  issued speed orders and authorizations requested by hearing officers to dismiss disciplinary
3  actions, the Lietenant [sic] would not redress the actions of staff (Maricopa County Sheriff's
4  Office) or the disciplinary proceedings which caused more write-ups." (Id.)

Plaintiff asserts that she was subject to restrictions that amounted to punishment for a criminal offense, prior to conviction, in violation of her right to due process. As the Court previously informed Plaintiff:

> Pretrial detainees have a substantive due process right against restrictions that amount to punishment for criminal offenses. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535. There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. Salerno, 481 U.S. at 747.

(Doc.# 10 at 6.)

In this case, Plaintiff alleges that she was reclassified to close custody and segregation for disciplinary infractions. Plaintiff fails to allege facts to support that her confinement in disciplinary segregation is without some legitimate government purpose other than as punishment for the offenses with which she has been criminally charged. She also does not allege facts to support that she was denied procedural due process in connection with disciplinary infractions. On the facts alleged, Plaintiff fails to state a claim for violation of her due process rights.

**C.     Count III**

In Count III, Plaintiff alleges that her Fourteenth Amendment rights to medical care have been violated based on the following facts: On October 25, 2007, and January 29, 2008, Plaintiff informed state court judges that she had been diagnosed with a fibroid and "surgery was necessary." (Doc.# 12 at 5.) Both judges informed her that a Rule 11 would not stop any medical treatment. (Id.) On January 29, 2008, Erin Cohen "conflicted [Plaintiff's] request for medical care by addressing with the Assistant Attorney General to place

- 5 -

[Plaintiff] at the Arizona State Hospital."[2]  (Id.)  In addition, the court appointed a medical liaison, but the minute entry "only mentioned Erin Cohen, who is not a medical liaison but a liaison for restoration to competency court."  (Id.)  Plaintiff contends that these acts have caused injury to her "reproductive organ and body by confining [her] to a facility that does not have the appropriate medical staff."  (Id.)

To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts to support that she has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment standard for convicted inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (Fourteenth Amendment standard for pretrial detainees).  To allege a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).  Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'"  Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394).  Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed her.  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

---

[2] A minute entry from January 29, 2008, states that Plaintiff was "incorrectly ordered to the Arizona State Hospital for restoration treatment. Following the hearing, the Court was informed by the Restoration to Competency Program Court Liaison, Ms. Erin Cohen, that the Maricopa County Restoration to Competency Program is in fact the appropriate venue for Defendant's restoration treatment."  See http://www.courtminutes.maricopa.gov/docs/Criminal/022008/m3036875.pdf.

Assuming that Plaintiff's fibroid constitutes a serious medical need, Plaintiff fails to allege facts to support that a physician or medical care provider has recommended that she receive surgery or any other treatment for the fibroid. She also fails to allege facts to support that Ms. Cohen denied, delayed, or intentionally interfered with medical orders. For these reasons, Plaintiff fails to state a claim for deliberate indifference to her serious medical needs against Ms. Cohen.

**IV.   Pending Motions**

Plaintiff filed a motion regarding the filing fee in which she requested that an order issue to jail authorities for payment of the filing fee. (Doc.# 13.) The Court has already issued such an order. (Doc.# 16.) Accordingly, that motion will be denied.

Plaintiff mailed a letter to the Court concerning her classification at the jail and expressing concerns about whether her submissions to the Court were timely received and filed. (Doc.# 14.) Plaintiff's submissions to the Court have been filed and are deemed timely. Accordingly, to the extent that any relief is sought in her letter, such relief will be denied.

Plaintiff has also filed a motion for summary judgment. (Doc.# 15.) Because Plaintiff fails to state a claim for relief in her Second Amended Complaint, that motion will be denied.

## Conclusion

Plaintiff was previously warned about the deficiencies in her First Amended Complaint and was afforded the opportunity to cure those shortcomings. Plaintiff has not cured the cited deficiencies in her Second Amended Complaint. Further, Plaintiff has not otherwise stated a claim for violation of her constitutional rights in the Second Amended Complaint. Accordingly, the Second Amended Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1)   Plaintiff's Second Amended Complaint and this action are **DISMISSED** for failure to state a claim. (Doc.# 12.)

(2)   Plaintiff's motions regarding payment of the filing fee and for summary judgment are **DENIED** as **MOOT**. (Doc.# 13, 15.)

1        (3)    Plaintiff's letter is **DENIED** to the extent that any relief is sought therein.
2  (Doc.# 14.)

3        (4)    The Clerk of Court must enter a judgment of dismissal of this action with
4  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

5      DATED this 17th day of April, 2008.

*(signature)*
Stephen M. McNamee
United States District Judge

- 8 -